UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELODY PARRY**
    **Plaintiff,**
v.                                            **Case No. 8:06-CV-00804-T-17TBM**

**OUTBACK STEAKHOUSE OF FLORIDA, INC.,**
a Florida corporation, and
**OUTBACK STEAKHOUSE INTERNATIONAL,**
**L.P.,** a foreign corporation,
    **Defendants**.
_____/

## ORDER ON MOTION TO DISMISS

This cause comes before this Court on Defendants', Outback Steakhouse of Florida Inc. (Florida Outback), and Outback Steakhouse International, L.P. (Foreign Outback), Motion to Reconsider the Court's Ruling on Motion to Dismiss (Dkt. 17) filed October 25, 2006 and Plaintiff's response thereto (Dkt. 22). For the reasons set forth, Defendants' Motion to Reconsider is **Denied.**

## BACKGROUND

The facts are accepted as true for the purposes of resolving the pending motion only. Plaintiff has lived in Florida since she was less than one-year-old. While living in Florida, Plaintiff began working for Defendant (Florida Outback) in April of 1989. The Plaintiff worked for Defendant (Florida Outback) for seven to eight years. The Defendant was later transferred to work for the Defendant's subsidiary restaurant (Foreign Outback) in the Cayman Islands. During the entire period that the Plaintiff worked abroad, she maintained her Florida driver license, was a registered Florida voter, and owned a motor vehicle registered in Florida.

During the Plaintiff's last year of employment, she engaged in a consensual relationship with Mr. McDougall, manager for Foreign Outback in the Cayman Islands. Soon thereafter, the Plaintiff terminated the relationship. Subsequently, Mr. McDougall

became increasingly hostile to her at and away from work. For example, she received disturbing phone calls and visits from the inebriated Mr. McDougall between twelve at midnight and four in the morning, wherein he would bang on her glass door and yell at her to come back to him. Mr. McDougall also prevented her from taking lucrative shifts and allowed pornographic pictures to be circulated in full view of female employees. Furthermore, Mr. McDougall became physically abusive to the Plaintiff resulting in her receiving a black eye. The Plaintiff claims she was and continues to be sexually harassed because of her decision to terminate the relationship.

As a result of these incidents, the Plaintiff telephoned Defendant's (Florida Outback) Human Resource Department in Florida to inform them of the sexual harassment and hostile environment in the Cayman Islands.  Subsequently, Mr. McDougall fired the Plaintiff because he could no longer work with her while she refused to enter into romantic relationship with him. The Plaintiff filed a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e, *et seq.*, as amended by the Civil Rights Act of 1991 and the Florida Civil Rights Act of 1992 (FCRA) §760.01, *et seq*.

Plaintiff contends Defendants, Florida Outback and Foreign Outback, are licensed to do business in the State of Florida. Furthermore, the Plaintiff alleges the Defendants constitute an "employer" as defined by 42 U.S.C. §2000e(b) and Florida Statutes §760.02(7) because they are engaged in an industry affecting commerce and have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. The Plaintiff also alleges both Defendants employed a Florida citizen to work in a foreign country for their corporation or subsidiary. The Defendants filed a motion to dismiss all counts relating to Florida Statutes §760.02, stating that the statute is not authorized to apply extraterritorially to Florida citizens working abroad. This Court denied the Defendant's motion. As a result, the Defendant's have filed another motion for this Court to reconsider and dismiss Counts I and II of the Plaintiff's Complaint and Demand for Jury Trial.

## STANDARD OF REVIEW

The proper standard of review for the Court when considering a motion to reconsider is set forth in *Prudential Securities, Inc. v. Emerson,* 919 F. Supp. 415 (M.D. Fla. 1996). The Court in *Prudential* held that "[a] Court will not alter a prior decision absent a showing of clear and obvious error where 'the interest of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763. F.2d 1237, 1239 (11th Cir. 1985)). The burden is on the moving party to "[s]et forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). However, motions for reconsideration "should not be used to raise arguments which could, and should, have been made earlier." *Prudential*, 191 F.Supp. at 417. Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration. *Villaflores v. Royal Venture Cruise Lines, Ltd.*, WL 728098 (M.D. Fla. 1997). Finally, this Court "will not reconsider a previous ruling when the party's motion…only relitigates what has already been found lacking." *International Ship Repair & Marine Services, Inc. v. St. Paul Fire & Marine Insurance Co.*, 922 F. Supp. 577, 579 (M.D. Fla. 1996).

## DISCUSSION

The general purpose of the Florida Civil Right Acts is to "secure freedom from discrimination for all individuals and preserv[e] the general welfare of all." *Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000). Thus, it requires a liberal construction to preserve and promote access to those individual intended to be protected by the Florida legislature. *Id.* The Defendants have argued in their prior motion that FCRA 760.01(2) is clear and unambiguous that there is a geographical limitation in the statute. The Defendants argue this geographical limitation prevents any Florida citizen working abroad for a Florida company or subsidiary to have standing under the FCRA. This Court has previously rejected this argument and interpreted the Statute to be ambiguous. This Court has looked at case law that expanded the definition of employee in the FCRA to include Florida Citizens working outside the State of Florida. See *Mousa v. Lauda Air Luftfahrt, A.G.*, 258 F. Supp. 2d 1329 (S.D. Fla. 2003). While this case did

not explicitly state those employees are protected under the FCRA, it nevertheless provides insight on Courts willingness to construct the FRCA to include Florida citizens working outside the State of Florida.

Finally, this Court looked at Title VII of the Civil Rights Act of 1964 as amended to construe the FCRA. See *Benitez v. Computer Horizons Corp.*, 2005 U.S. Dist. LEXIS 31162 (M.D. Fla. 2005). Title VII of the Civil Rights Act was amended in 1991 to extend its protections to American citizens working abroad. 42 U.S.C. §2000e-1 (2000). The FCRA was intended to mirror the Title VII of the Civil Rights Act of 1964 as amended. *Benitez v. Computer Horizons Corp.*, 2005 U.S. Dist. LEXIS 31162 (M.D. Fla. 2005). As a result, this Court believes the FCRA was intended to apply to Florida citizens working for Florida Corporation because the statute is designed to protect all Florida citizens from discrimination.

Because the Defendants' motion to reconsider does not present new case law and simply attempts to relitigate the same argument this Court has rejected in the past, this Court will favor its original decision. The FCRA was intended to protect Plaintiffs[1] from discrimination and this Court will continue to favor parties right to litigate their claims.[2] Accordingly, it is

**ORDERED** that the Defendant's Motion to Reconsider Dismissing Count I and II (Dkt. 17) be **DENIED** and the Defendants shall file an answer to counts I and II of the complaint within ten (10) days from the date of this order.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 14th day of November 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies: All parties and counsel of record

---

[1] Plaintiff's are those who fall under the definition of the FCRA.
[2] This opinion does not prejudice the Defendant because they still have other avenues to dismiss this claim, such as summary judgment.